UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANCIS POUNDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-638-JAR |
| | ) |
| U.S. SMALL BUSINESS | ) |
| ADMINISTRATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Francis Pounds for leave to commence this civil action without prepayment of the required filing fee. The Court has reviewed the motion and the financial information contained therein, and has determined to grant it. Additionally, for the reasons discussed below, the Court will direct the Clerk to issue process on the defendants and will deny without prejudice plaintiff's motion to appoint counsel.

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff, a Missouri resident, is the owner of a Missouri small business called Save Our Amazing Planet. He filed the complaint to seek declaratory and injunctive relief against the Small Business Administration (SBA), SBA Administrator Isabel Guzman, Secretary of the Treasury Janet Yellin, and the United States of America. He alleges as follows.

The Small Business Act authorizes the SBA to make Economic Injury Disaster Loans, or "EIDLs," available to eligible small businesses located in a disaster area. Congress declared

2

COVID-19 to be a disaster, allowing the SBA to declare disasters and make EIDLs available to small businesses suffering substantial economic injury as a result of the COVID-19 pandemic. The "Coronavirus Aid, Relief, and Economic Security Act (CARES Act)" expanded eligibility and waived certain rules and requirements for EIDLs. (ECF No. 1 at 3). Plaintiff's business suffered substantial economic injury as a result of the COVID-19 pandemic. Plaintiff successfully applied for an EIDL, and on June 15, 2020 signed closing documents for a loan amount of $8,500. On November 10, 2020, he contacted the SBA and requested a loan increase.

Plaintiff alleges he met every metric set forth in the CARES Act to demonstrate qualification for such increase. He presents a long recitation of facts describing the process by which he applied for the increase. He alleges he followed all instructions and observed the proper procedures, but his application was unlawfully denied and he was told that all funds had been exhausted.

Based on the alleged facts, plaintiff asserts five separate counts. Condensed and summarized, they are as follows. First, plaintiff claims the SBA "promulgated an interim conclusion and findings that exceeded its authority." *Id.* at 13. He asserts he met every metric of the CARES Act to be a qualifying entity for an EIDL increase, and Congress did not give the SBA discretion to declare an entity ineligible for reasons not set forth therein. Plaintiff insists that the SBA's denial of his request was unlawful.

Second, plaintiff claims the SBA failed to carry out a ministerial duty by denying him a loan increase for which he was eligible, and this Court can compel agency action under the Administrative Procedure Act. Third, plaintiff claims the SBA's action "contravenes the plain text of the CARES Act." *Id.* at 14. He contends the CARES Act is clear and unambiguous as to which businesses are eligible for EIDL increase modification requests, and the SBA lacked authority to

3

"promulgate regulations that restricted or otherwise 'clarified'" the eligibility requirements. *Id.* He contends Congress intended applicants such as himself to receive EIDL increases, and the SBA's decision is not entitled to deference. Fourth, plaintiff claims the SBA's decision was arbitrary and capricious because it relied on factors Congress did not intend for it to consider, and fifth, plaintiff claims the defendants failed to carry out a ministerial duty.

Plaintiff seeks a declaratory judgment that the SBA's actions were contrary to the CARES Act and were arbitrary and capricious. He seeks a writ of mandamus ordering "Defendants to fulfill their duties to administer EIDL Loan Increase Modification Reconsideration requests that are eligible under the criteria set out in the CARES Act." *Id.* at 18. He seeks to "save [his] place in line for the first-come, first-served funds that Congress allotted for EIDLs," and restoration of his "place in queue" as of the time his application was denied. *Id.*

## Discussion

In the complaint, plaintiff has presented facts alleging that he qualified for an EIDL increase, that defendants were required to disburse the money to him, and that defendants wrongfully withheld the money. As noted above, this Court must assume the veracity of the well-pleaded facts in the complaint, and draw all reasonable inferences in plaintiff's favor. *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Additionally, *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Court will direct the Clerk to issue process on defendants. This is not a determination of the merits of plaintiff's claims, or potential defenses thereto.

Plaintiff has also filed a motion to appoint counsel. An indigent plaintiff has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902

F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent plaintiff, a court considers relevant factors such as the factual complexity of the issues, the plaintiff's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, no defendant has been served with process and discovery has not begun, so there is no conflicting testimony. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that that the Clerk shall issue process or cause process to issue on defendant Isabel Guzman, Administrator of the Small Business Administration, 409 Third Street, SW, Washington, D.C. 20416-0011.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Janet Yellen, 1500 Pennsylvania Avenue, NW, Washington, D.C. 20220-0001.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on Merrick B. Garland, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-0001.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on Sayler A. Fleming, United States Attorney, Thomas F. Eagleton Courthouse, 111 South 10th Street – Room 20.333, St. Louis, MO 63102.

Dated this 23rd day of September, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE