UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANCIS POUNDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:22CV638 JAR |
| | ) |
| U.S. SMALL BUSINESS | ) |
| ADMINISTRATION, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's failure to respond to the Court's August 4th, 2023 Show Cause Order [ECF No. 26]. Plaintiff's response was due on August 18, 2023, and several days have passed without a timely response. For the reasons set forth below, this case will be dismissed without prejudice.

On June 15, 2022, Plaintiff, who is proceeding *pro se*, filed a complaint, naming various agencies and officials of the United States Government. In his complaint, Plaintiff seeks injunctive relief against Defendants requiring Defendant U.S. Small Business Administration to save his "place in line for the first-come, first-served funds that Congress allotted for Economic Injury Disaster Loan [EIDL] loans by enjoining the Defendants from dispensing $70,200." Plaintiff received an EDIL loan for his business, Save Our Amazing Planet, LLC, and is seeking an increase in the loan amount.

"Article III of the United States Constitution confines the federal courts to adjudicating actual 'cases and controversies.'" *Boyle v. Anderson,* 68 F.3d 1093, 1100 (8th Cir.1995) (citation omitted). To acquire Article III standing, a plaintiff must have a "personal stake in the outcome of the controversy." *Baker v. Carr,* 369 U.S. 186, 209 (1962). To satisfy this requirement,

Plaintiff must have "a definite and concrete controversy involving adverse legal interests at every stage in the litigation ... for which the court can grant specific and conclusive relief." *Arkansas AFL–CIO v. FCC,* 11 F.3d 1430, 1435 (8th Cir.1993) (citing *McFarlin v. Newport Special Sch. Dist.,* 980 F.2d 1208, 1210 (8th Cir.1992)). "Even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, [the Supreme Court] has held that the plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499 (1975).

In his complaint, Plaintiff seeks redress from the Defendants because his business was denied an EIDL increase. However, an individual cannot even qualify for an EIDL because Congress has made clear that the SBA can only dispense such loans to "any small business concern, private nonprofit organization, or small agriculture cooperative located in an area affected by a disaster." 15 U.S.C. § 636(b)(2). "Generally, if a harm has been directed toward the corporation, then only the corporation has standing to assert a claim," and the business owner does not have standing to bring suit for injuries suffered by their businesses. *Potthoff v. Morin*, 245 F.3d 710, 716 (8th Cir. 2001). In the Court's Show Cause Order, Plaintiff was given fourteen days to amend the Complaint to add his business as a plaintiff or to show cause why the case should not be dismissed for lack of standing. To date, Plaintiff has not named his business as a plaintiff in his Complaint, nor has he alleged facts sufficient to establish standing for himself as an individual independent of the injury to his business, and the deadline to do so has passed. The Court warned in its Show Cause Order that without establishing standing, his complaint would be subject to dismissal. Because his business is the one that has suffered the injury from the denial of the EIDL request and is not named in the Complaint, Plaintiff has failed to establish standing, and his complaint will be dismissed.

Even if Plaintiff would have established standing by amending his Complaint to add his

2

business, that is not the only hurdle here as Plaintiff cannot do so *pro se*. It is well established that a corporation may not represent itself in federal court and may not be represented by an individual other than licensed counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel…"); *Carr Enterprises, Inc. v. United States,* 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel."). Even if Plaintiff had added his business to the Complaint, Plaintiff must have obtained legal counsel for his business before naming it as a plaintiff, which was not done here.

Accordingly,

**IT IS HEREBY ORDERED** that this case is dismissed without prejudice.

A separate Order of Dismissal will be entered this same date.

Dated this 28th day of August, 2023.

*[signature]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**